Evan L. Frank, Esq. (#311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Mr. Sandless Franchise LLC, | : | Civil Action |
| | : | Docket number: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Suradej Archnoi and | : | |
| 3P&C Global Corp., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**COMPLAINT**

**Summary**

1. This is a trademark infringement and breach of contract case.  Defendants are a former

   franchise of Plaintiff and the franchise's individual proprietor / guarantor.  The franchise was

   terminated on February 17, 2022 due to Defendants' failure to make royalty payments or

   respond to notices concerning the missed royalty payments.  Defendants then continued to

   use Plaintiff's marks without Plaintiff's consent.  Defendants' infringement was so brazen

   that it appeared calculated to make consumers believe that Defendants were affiliated with

   Plaintiff:  for example, Defendants copied photographs from Plaintiff's website and uploaded

   them onto Defendants' own website; Defendants' social media included a picture of a worker

   wearing a "Mr. Sandless" shirt; and Defendants continue to use Plaintiff's marks on

Defendants' website.  Plaintiff requests an injunction against further infringement and monetary relief for both breach of the parties' agreement (Ex. A) and trademark infringement.

### Parties

2. Plaintiff Mr. Sandless Franchise LLC is a Pennsylvania limited liability company.

3. 3P&C Global Corp. is a Texas corporation with a principal place of business in Texas.

4. Suradej Archnoi is an adult individual residing in Texas.

### Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Lanham Act.  The Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 because they are so related that they form part of the same case or controversy.  Alternatively, the Court would have subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper because of a choice-of-venue provision at section 24.6 of the parties' agreement (Ex. A).

### Facts

7. Plaintiff is the exclusive licensee of U.S. service mark registration No. 5173423, *Mr. Sandless*® used in connection with services including wood floor finishing.

8. Plaintiff has developed and markets exclusively (through authorized franchisees) proprietary products and methods of reconditioning wood floor.

9. Plaintiff, as the exclusive franchise licensee of the trademark and owner of the methods franchised to Defendant, has been serving customers and members of the general consuming public under the mark since at least as early as April of 2004.

10. Defendants are a former licensed franchisee and its individual proprietor.

11. Plaintiff and Defendant 3P&C Global Corp. entered into a Franchise Agreement effective May 22, 2017 (Ex. A).

12. The individual Defendant executed a Guaranty Agreement (Schedule C to the Franchise Agreement) effective as of the same date.

13. The Guaranty Agreement provided that the individual Defendant "be subject to and bound by all terms, conditions, restrictions and prohibitions contained in the Franchise Agreement …"

14. Section 11 of the Franchise Agreement provided a non-exclusive license to use certain "Proprietary Marks".

15. Section 11.1 provided that the license to use the marks automatically ceased upon termination or expiration of the agreement.

16. Section 11.2 provided that the marks were owned by Plaintiff, not the franchisee.

17. Section 11.2 further provided that the franchisee shall not "either during or after the term of this Agreement, do anything, or assist any other person to do anything, which would infringe upon, harm or contest our rights in any of the Proprietary Marks."

18. Section 11.7 prohibited the franchisee from including in its name "any portion of any the Proprietary Marks".

19. Section 24.6 provides for venue in this District.

20. Section 10.2 required the franchisee to pay a royalty fee every month.

21. Defendants missed several royalty payments in a row and failed to respond to a notice to cure the default.

22. Therefore, Plaintiff terminated the agreement pursuant to section 22.3, effective February 17, 2022.

23. The termination included cancellation of any and all licensing and other rights which may have been granted by the Franchise Agreement, including cancellation of any right to use trade secrets and proprietary methods as detailed in the franchise agreement.

24. The Franchise Agreement, including the Guaranty Agreement, now requires Defendants to pay specified damages to Plaintiff for breach of the agreement.

25. Section 23.4 entitles Plaintiff to liquidated damages reflecting the loss of royalty payments.

26. After the termination, Plaintiff learned that Defendants have continued to provide to the public a system similar if not identical to the floor service system licensed under the Franchise Agreement.

27. After the termination, Defendants have continued to advertise their services in a variety of ways, including using Plaintiff's trade dress and using marks that are the same or confusingly similar to Plaintiff's marks.

28. Defendants' infringement is so brazen that it appears calculated to falsely represent that Defendants remain affiliated with Plaintiff.

29. Defendants' conduct includes the following:

    a. Defendants' website copied at least 10 photographs from Plaintiff's website.

    b. Defendants' Facebook page displays a worker wearing a "Mr. Sandless" shirt.

    c. Defendants repeatedly use "Sandless", the dominant part of Plaintiff's mark.

    d. Defendants display on their website a screenshot or copy of an excerpt of a presentation authored by Plaintiff, "ARE YOUR WOOD FLOORS SCRATCHED, WORN, DULL".

    e. Defendants' website copied the "Certified Green" and "Lead Safe" labels from Plaintiff's website.

    f.   Defendants used Plaintiff's wording:  "Half the cost of sanding".

30. Defendants are competing with Plaintiff contrary to their legal obligations and have also avoided paying fees and expenses that a legitimate franchisee would be obligated to pay.

31. Defendants continue to operate the same system, including the proprietary materials, techniques, products, and procedures taught to them as a franchisee of Mr. Sandless and which they have an obligation not to use for their own purposes.

32. Defendants operated a competitive business after the termination of the agreement despite the restrictive covenants at section 18.2 and at Schedule D of the Franchise Agreement.

## Count I
### Federal Service Mark Infringement – 15 U.S.C.  § 1114(1)(a) and (b)

33. Plaintiff incorporates by reference the foregoing paragraphs.

34. Plaintiff is the licensee of the mark *Mr. Sandless*® and specifically asserts the exclusive right of use and right to license franchisees under the mark.

35. Plaintiff and Plaintiff's predecessors-in-interest first used the mark in connection with floor refinishing services at least as early as April of 2004 and has continued and expanded use up to the present.

36. Since long before the acts complained of herein, members of the general consumer population have recognized the mark as an exclusive source identifier for floor refinishing services originating from Plaintiff and/or Plaintiff's affiliates and successors.

37. Defendants' use of the mark is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to the source and origin of the services offered by Defendants, the association of Defendants with Plaintiff, and Plaintiff's sponsorship, approval, or control of the services offered by Defendants.

38. On information and belief, Defendants acts complained of herein have been willful.

39. Unless enjoined by this Court, Defendants conduct will continue to cause a likelihood of consumer confusion, mistake, and deception.

40. Plaintiff is entitled to damages as a result of Defendants' actions.  However, because damages alone will not provide Plaintiff with adequate relief, Plaintiff is also entitled to injunctive relief.

**Count II**
**Unfair Competition by False Designation of Origin by Trade Name and Service Mark Infringement – 15 U.S.C. § 1225(a)**

41. Plaintiff incorporates by reference the foregoing paragraphs.

42. Defendants are using Plaintiff's mark in connection with floor refinishing services.

43. Defendants are offering floor refinishing services under Plaintiff's mark and using Plaintiff's goodwill to advertise as if they were an authorized Mr. Sandless dealer.

44. Defendants have used the mark in commerce with the deliberate intent of capitalizing and trading on the goodwill and reputation of Plaintiff.

45. Defendants conduct has caused and will continue to cause the relevant public to believe erroneously that Defendants' services are associated, authorized, or controlled by Plaintiff.

46. Defendants conduct constitutes a false designation of the origin and/or sponsorship of such services.

47. On information and belief, Defendants acts complained of herein have been willful.

48. Defendants' conduct has caused and will continue to cause monetary damage to Plaintiff.

49. Defendants' conduct has caused and will continue to cause irreparable harm and injury to Plaintiff's goodwill and business reputation unless enjoined by this Court.

50. Plaintiff is entitled to damages as a result of Defendants' actions.  However, because damages alone will not provide Plaintiff with adequate relief, Plaintiff is also entitled to injunctive relief.

## Count III
## Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1)

51. Plaintiff incorporates by reference the foregoing paragraphs.

52. Plaintiff's trade name and service marks have become famous due to long, extensive, continuous, and exclusive use by Plaintiff in connection with wood refinishing services.

53. On information and belief, Defendants' unauthorized use has lessened the capacity of Plaintiff's famous trade name and service mark to identify and distinguish the services of Plaintiff.

54. Defendants' acts have tarnished the reputation and recognition of Plaintiff's mark.

55. Plaintiff has no adequate remedy at law and is being irreparably damages by dilution of its mark.

## Count IV
## Injury to Business Reputation and Dilution – 54 Pa. C.S. § 1125

56. Plaintiff incorporates by reference the foregoing paragraphs.

57. Plaintiff is the owner of a mark that is distinctive and famous in Pennsylvania (and many other states).

58. Defendants' unauthorized use has diluted the quality of Plaintiff's mark.

59. On information and belief, Defendants' actions were taken with full knowledge that such actions would dilute the mark.

60. Defendants have caused and, unless enjoined, will continue to cause irreparable harm, including injury to Plaintiff's goodwill and reputation.

## Count V
## Common Law Unfair Competition, Palming Off, Trade Name and Trademark Infringement

61. Plaintiff incorporates by reference the foregoing paragraphs.

62. Defendants' actions constitute palming off its services as Plaintiff's services under Plaintiff's famous mark.

63. Defendants' actions constitute unfair competition.

64. Defendants' actions constitute trademark infringement.

65. Defendants have caused and, unless enjoined, will continue to cause irreparable harm, including injury to Plaintiff's goodwill and reputation.

## Count VI
## Breach of Contract – Covenant not to Compete

66. Plaintiff incorporates by reference the foregoing paragraphs.

67. Defendants have competed with Plaintiff following the termination of the Franchise Agreement, in violation of the plain text of the agreement at section 18.2 and Schedule D of the Franchise Agreement.

68. Plaintiff is entitled to damages as a result of Defendants' breach.  However, because damages alone will not be an adequate remedy, Plaintiff is also entitled to injunctive relief.

## Count VII
## Breach of Contract

69. Plaintiff incorporates by reference the foregoing paragraphs.

70. Defendants have failed to comply with the Franchise Agreement (and the Guaranty Agreement) by, among other things, failing to pay Plaintiff royalties under the Franchise Agreement.

71. Additionally, Plaintiff is entitled to an award of attorney's fees under section 24.10.

**Count VIII**
**Violation of Plaintiff's Trade Secret Rights under Pennsylvania Uniform Trade Secrets Act**

72. Plaintiff incorporates by reference the foregoing paragraphs.

73. Defendants conduct constitutes the unauthorized use and appropriation of Plaintiff's trade secrets, proprietary methods, proprietary products, and information.

74. As a result of Defendants' conduct, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants for damages in excess of $75,000, plus punitive damages, costs of suit, interest, and attorney's fees, and injunctive relief directing that Defendants and, their officers, directors, partners, agents, servants, employees, attorneys, and anyone acting on their behalf be enjoined during the pendency of this action and permanently thereafter from:

A. Using the mark *Mr. Sandless*® or any similar derivation of the mark, or using any designation, trade name, trade dress, trademark, or service mark that is confusingly similar to the mark.

B. Owning, maintaining, engaging in, being employed by, or having an interest in any other business offering sandless wood floor refinishing.

C. For a period of 2 years following this Court's order, owning, maintaining, engaging in, being employed by, or having any interest in any other business which provides sandless wood floor refinishing, wood floor cleaning, or floor maintenance, or any other services or products similar to those offered by Plaintiff.

D. Soliciting business from customers of Defendants' former floor businesses, contacting any supplier of Mr. Sandless for any competitive business purpose, or soliciting any employee of Mr. Sandless, its affiliates, or its franchisees.

And that Defendants be ordered to:

A. Account for all profits made by Defendants as a result of Defendants' infringement.

B. Discontinue their advertising for services including their use of the ***Mr. Sandless***® mark.

C. Comply with all covenants provided by the Franchise Agreement.

Respectfully submitted,

*/s/   Evan L. Frank*
Evan L. Frank, Esq. (311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

April 26, 2024